Lawson v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of March, two thousand fifteen.

PRESENT:
> RALPH K. WINTER,
> ROSEMARY S. POOLER,
> ROBERT D. SACK,
> *Circuit Judges.*

_____

Debra Lawson,

> *Plaintiff-Appellant*,

> v.

> **13-4667**

City of New York, James Coan, Captain, Organized Crime Control Bureau, Davin, Lieutenant, Organized Crime Control Bureau, Acri, Sergeant, Organized Crime Control Bureau, being sued individually and in his official capacity as an employee of Defendant the City of New York,

> *Defendants-Appellees*.

_____

**FOR PLAINTIFF-APPELLANT:**             Debra Lawson, pro se, Bronx, N.Y.

**FOR DEFENDANTS-APPELLEES:** Larry A. Sonnenshein, Ingrid R. Gustafson, *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dearie, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Debra Lawson, proceeding pro se, appeals the district court's grant of summary judgment in favor of the Appellees in her employment discrimination action. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the district court's grant of summary judgment *de novo*, applying the same standards that govern the district court's consideration of the motion." *Summa v. Hofstra Univ.*, 708 F.3d 115, 123 (2d Cir. 2013) (internal quotation marks omitted). "Summary judgment is appropriate where there are no genuine disputes concerning any material facts, and where the moving party is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted). "We resolve all ambiguities and draw all reasonable inferences in the light most favorable to the nonmoving party." *Id.*

Here, an independent review of the record and relevant case law reveals that the district court properly granted summary judgment. We affirm for substantially the reasons stated by the district court in its thorough November 22, 2013 decision. We are not persuaded by Lawson's arguments on appeal.

First, although Lawson asserts in broad terms that she made out a viable prima facie claim of discrimination, she has not advanced any arguments challenging the district court's conclusion

that neither her reduction in overtime hours (for which she did not provide any specifics) nor her transfer to the Gun Monitoring Unit constituted adverse employment actions. Accordingly, she has waived any such challenge on appeal. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995). Moreover, even if these actions were adverse, the district court correctly concluded that (1) Lawson's poor performance evaluations provided a legitimate reason for those actions, and (2) she failed to demonstrate that this reason was a pretext for discrimination.

Second, Lawson argues that the district court improperly granted summary judgment on her retaliation claim. Lawson contends that she adequately established a causal connection between her complaints of discrimination and the various actions taken against her by her supervisors, which included compromising her personal safety, failing to properly train her, failing to assign her cases, reducing her overtime, and failing to promote her. Although a causal connection may be indirectly established by demonstrating temporal proximity between a complaint of discrimination and an adverse employment action, it is axiomatic that, to be retaliatory, the adverse employment action must occur *after* the plaintiff complains of discriminatory conduct. *See, e.g.*, *Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 217 (2d Cir. 2001) ("The causal connection needed for proof of a retaliation claim can be established indirectly by showing that the protected activity was closely *followed in time* by the adverse action." (internal quotation marks omitted and emphasis added)). Here, all of the adverse actions of which Lawson complains were completed by January 5, 2009, when she was informed by her supervisor that she would be reassigned from the Firearms Investigation Unit ("FIU") to a different unit within the New York City Police Department. Lawson, however, did not make her first informal complaint of discrimination to her union representative until several days after this meeting with her

supervisor, and did not file her first official discrimination complaint until late January 2009. Furthermore, although Lawson also asserts that throughout her time at the FIU she continually complained "about her safety being disregarded," she has made no allegation that these complaints concerned activity made unlawful by Title VII. As such, she has not established that her complaints about her safety being disregarded constitute "protected activity" under Title VII's retaliation provision. *See Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013) (Employee's complaint constitutes protected activity so long as the employee has "a good faith, reasonable belief that she was opposing *an employment practice made unlawful by Title VII.*" (internal quotation marks and brackets omitted and emphasis added)).

We have considered all of Lawson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4